F I L E D

CLERK OF COURT

2024 JUL -3 AM 11: 38

SUPERIOR COURT
OF GUAM

## IN THE SUPERIOR COURT OF GUAM

| | | |
|---|---|---|
| PEOPLE OF GUAM, | ) | CRIMINAL CASE NO. **CF0218-13-02** |
| | ) | GPD REPORT NO. 13-11687 |
| | ) | |
| vs. | ) | |
| | ) | DECISION AND ORDER |
| | ) | DENYING DEFENDANT'S MOTION |
| **ANTHONY PAUL MENDIOLA,** | ) | TO CORRECT ILLEGAL SENTENCE |
| DOB: 12/24/1974 | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

### INTRODUCTION

This matter came before the Honorable Maria T. Cenzon on February 7, 2024, for a Motion Hearing on Defendant Anthony Paul Mendiola's ("Defendant") Amended Motion to Correct Illegal Sentence (the "Motion"). Present at the hearing were Defendant with defense counsel Terrence E. Timblin and Assistant Attorney General Christine S. Tenorio for the People of Guam ("People"). After the hearing, the Court took the Motion under advisement pursuant to CVR 7.1(e)(6)(D) of the LOCAL RULES OF THE SUPERIOR COURT OF GUAM.

After reviewing the Defendant's Motion and the People's Opposition with their respective subsequent motions, oral arguments from the Defendant and the People, and the applicable statutes and case law, the Court now issues this Decision and Order **DENYING** Defendant's Motion.

## PROCEDURAL AND FACTUAL BACKGROUND

On May 7, 2013, the People filed an Indictment charging the Defendant of the following offenses:

1. Attempted Murder (As a First Degree Felony)
2. Guilt by Complicity to Commit Murder (As a First Degree Felony)
3. First Degree Robbery (As a First Degree Felony)
4. Aggravated Assault (As a Second Degree Felony)
5. Burglary (As a Second Degree Felony)

Indictment (May 7, 2013).

Defendant's Jury Selection and Trial began on November 18, 2013. On January 17, 2014, the People filed an Amended Indictment charging the Defendant of the following offenses:

1. Second Degree Robbery (As a Second Degree Felony)
2. Third Degree Robbery (As a Third Degree Felony)
3. Burglary (As a Second Degree Felony)
4. Theft (As a Misdemeanor)
5. Assault (As a Misdemeanor)

Amended Indictment (Jan. 17, 2014).[1]

On January 22, 2014, the jury found the Defendant *guilty* of the following offenses: Second Degree Robbery (As a Second Degree Felony), Assault (As a Misdemeanor), and Burglary (As a Second Degree Felony).

On March 26, 2014, the Court held a sentencing hearing for the Defendant. The Court sentenced the Defendant to the following: for the offense of Second Degree Robbery (As a Second Degree Felony), ten (10) years imprisonment; for the offense of Assault (As a Misdemeanor), one (1) year imprisonment; and for the offense of Burglary (As a Second

---

[1] Subsequent to the filing of the Amended Indictment, the People filed a Second Amended Indictment on the same day. The Second Amended Indictment did not contain any material or substantive changes to the charges against

Degree Felony), ten (10) years imprisonment. Judgment (Mar. 26, 2014, filed Aug. 19, 2014). Each sentence would run consecutive each other for a total of twenty-one (21) years imprisonment at the Department of Corrections, Mangilao. *Id.*

On May 23, 2014, the Defendant timely filed a Notice of Appeal challenging his conviction and seeking dismissal of all charges.[2] On August 20, 2015, the Guam Supreme Court issued its Opinion and Judgment on the matter. The Defendant argued that the Court erred in denying Defendant's Motion to Dismiss; specifically, "[the Court] should have found that the delay in bringing him to trial constituted a violation of his speedy trial rights under both the United States Constitution and applicable Guam," and "the appropriate remedy for such violation is to vacate his convictions and dismiss the charges against him." *People v. Mendiola*, 2015 Guam 26 ¶ 1. The Guam Supreme Court issued its Judgment affirming the Court's judgment containing the Defendant's convictions. *See Judgment* (Aug. 20, 2015).[3]

On March 19, 2018, in SP0039-18, the Defendant filed a Petition for Writ of *Habeas Corpus* (the "Petition"). The Defendant sought relief from imprisonment on the following grounds:

> Defense counsel failed to investigate [and] discover the Amended Indictment violated [Defendant's] Due Process Rights; defense counsel failed to suppress the suggestive out of court phot array of [the Defendant]; trial court's comments, during trial, were bias [and] unobjective regarding [the Defendant's] Constitutional Rights; and all in violation of the Sixth [and] Fourteenth Amendment [sic] of the U.S. Constitution."

Petition for Writ of *Habeas Corpus* ¶ 7 (Mar. 19, 2018). On September 30, 2020, before the Honorable Anita A. Sukola, the Court heard oral arguments from the parties on the Defendant's

---

the Defendant but only corrected clerical errors. The Amended and Second Amended Indictments were filed prior to counsels' closing arguments.
[2] CRA14-019.

Petion for Writ of Habeas Corpus. On October 9, 2020, the Court issued its Decision and Order denying Defendant's Petition. *See Decision and Order Re: Petition for Writ of Habeas Corpus* (Oct. 9, 2020).[4]

On August 11, 2022, the Defendant filed, *pro se*, a Motion to Correct Sentence [and] Request for Reduction in Sentence. On December 5, 2022, the Defendant through defense counsel, motioned the Court to appoint conflict-free counsel to the Defendant. *See* Motion for Appointment of Conflict Free Counsel (Dec. 5, 2022).[5] On December 9, 2022, the People filed an Opposition to Defendant's Motion for Sentence Correction or Reduction (the "Opposition"). On December 23, 2022, the Court granted Defendant's Motion for Appointment and appointed Terrence E. Timblin to the Defendant for this matter. *See Order for Motion for Appointment of Counsel* (Dec. 23, 2022); *see also* Notice of Court Appointed Counsel (Dec. 23, 2022).

On September 14, 2023, the Defendant filed a Motion For Leave to File Amended Motion to Correct Illegal Sentence. The Court granted the motion on November 21, 2023. *See Order Granting Defendant's Motion to Leave to File Amended Motion to Correct Illegal Sentence* (Nov. 21, 2023).

On November 27, 2023, the Defendant filed the Motion for this instant matter, and the People filed their Supplemental Opposition to Defendant's Motion (the "Supplemental Opposition") on February 6, 2024. The Court heard arguments on the Defendant's Motion on

---

[3] In brief, the Guam Supreme Court held the following: (1) the delay in bringing the Defendant to trial despite his assertion of speedy trial was not a violation of his speedy trial rights, and (2) dismissal of his convictions was not appropriate because he failed to raise the issue in his original motion to dismiss. *See Mendiola*, 2015 Guam 26.

[4] In brief, the Court held that notwithstanding the deficiency of counsel due to a failure to raise the issue of Amended Indictments, the Defendant failed its burden of proving prejudice. *See Decision and Order Re: Petition for Writ of Habeas Corpus* (Oct. 9, 2020).

[5] Attorney Willam B. Pole was the attorney of record for Defendant during the trial and filed the motion on behalf of the Defendant.

February 7, 2024. On March 11, 2024, the Defendant filed his Reply to the People's Opposition to Defendant's Motion.

**DISCUSSION**

**1.     The Defendant failed to raise the issue of his illegal sentencing during his direct appeal to the Guam Supreme Court and his habeas petition.**

The People argue in their Opposition that the Defendant has forfeited his claim of illegal sentencing because he failed to raise that issue on direct appeal and in his habeas corpus petition. *People's Opposition* at p. 1 (Dec. 9, 2022). The Court agrees with the People.

*People v. Tedtaotao*, 2017 Guam 12, is instructive here.[6] In *Tedtaotao*, the Appellant (hereinafter "Tedtaotao") was indicted on the following offenses: Attempted Murder (As a First Degree Felony), First Degree Robbery (As a First Degree Felony), Aggravated Assault (As a Second Degree Felony), and Burglary (As a Second Degree Felony). *Tedtaotao* ¶ 3. A jury found Tedtaotao guilty on all counts alleged in the indictment and was subsequently sentenced to life imprisonment. *Id.* ¶ 3. The trial court *sua sponte* resentenced Tedtaotao to a reduced term of fifty-five (55) years. *Id.* The People appealed the resentencing, but the Guam Supreme Court affirmed. *Id.* ¶ 3.

Tedtaotao filed a separate appeal on the resentencing based on the following claims: His conviction of attempted murder failed to allege an offense; the evidence was insufficient to convict on the offense of attempted murder; the trial court erred in instructing the jury on the attempted murder charge; Tedtaotao's right to speedy trial was violated; and the People committed a *Brady* violation.[7] *Id.* ¶ 4. The Guam Supreme Court reversed and vacated the

---

[6] It is worthy of note that the charges in this matter (CF0218-13-01) are of the same facts and circumstances of this instant matter (CF0218-13-02).

[7] *Brady v. Maryland*, 373 U.S. 83 (1963). In *Brady*, the United States Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is

*People v. Mendiola*
Criminal Case No. CF0218-13-02
Decision and Order Denying Defendant's Motion to Correct Illegal Sentence
Page 5 of 10

attempted murder conviction, upheld the remaining convictions, and remanded the case. *Id.* ¶ 4. On remand, the trial court resentenced Tedtaotao to a total of forty-five (45) years to be served consecutively and dismissed the attempted murder charge – again, Tedtaotao appealed this resentencing. *Id.* ¶ 4.

In this latest appeal, Tedtaotao argued that "the trial court erred in admitting certain video evidence during trial in violation of GRE 403 and 802 and that he was denied effective assistance of counsel." *Id.* ¶ 6. However, the court disagreed. "It is well-settled 'that where an argument could have been raised on an initial appeal, it is inappropriate to consider that argument on a second appeal following remand.'" *Id.* ¶ 7 (internal quotation omitted) (quoting *Nw. Ind. Tel. Co. v. F.C.C.*, 872 F.2d 465, 470 (D.C. Cir. 1989)). "The rationale for this rule is premised upon an understanding that '[t]he most rudimentary procedural efficiency demands that litigants present all available arguments to an appellate court on the first appeal.'" *Id.* ¶ 7 (quoting *Omni Outdoor Advert., Inc.*, 974 F.2d 502, 505 (4th Cir. 1992). Tedtaotao further argued that because he was resentenced, the trial court implicitly entered a new judgment. The court disagreed.

> It does not follow that because [a convicted defendant] appealed one aspect of the sentence, they preserved every other objection for review on remand. In fact, because they had already objected in the [trial] court on those very grounds, they had every incentive and opportunity to appeal the sentence on those grounds as well. Because they did not, the arguments are waived.

*Id.* ¶ 15 (quoting *United States v. Griffith*, 522 F.3d 607, 610 (5th Cir. 2008)). The court affirmed the trial court's judgment because "Tedtaotao waived for direct appeal issues that could have been but were not raided in his initial appeal." *Id.* ¶ 16.

---

material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." 373 U.S. at 87.

The facts in *Tedtaotao* are similar in this case. Defendant initially appealed his conviction to the Guam Supreme Court and subsequently on his *habeas corpus* petition. His appeal and his *habeas corpus* were both denied. Now, the Defendant brings his Motion before this Court on the issues that relate back to the original conviction in this case that were not brought up on appeal and the petition. The Court finds that the Defendant's claims in his Motion are waived because he failed to bring those claims in his initial appeal and *habeas corpus* petition.

## 2. The sentence imposed by this Court was legal and appropriate because the conduct involved separate offenses of robbery and burglary.

8 GCA § 120.46 provides the Court's authority to correct an illegal sentence at any time. It reads as follows:

> The court may correct an illegal sentence at any time and may correct a sentence imposed in an illegal manner within the time provided herein for the reduction of sentence. The court may reduce a sentence within one hundred twenty (120) days after the sentence is imposed, or within one hundred twenty (120) days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within one hundred twenty (120) days after entry of any order or judgment of the Supreme Court of Guam, having the effect of upholding a judgment of conviction.

8 GCA § 120.46.

The Defendant argues "that he may only be convicted of only one of the most serious Charges [sic], Robbery or Burglary, as they amount to a continuing course of conduct and the course of conduct was uninterrupted. *Defendant's Mot.* at p. 2. The Defendant argues that the conviction of both robbery and burglary are inconsistent with 9 GCA § 1.22(e) because the charges are based upon the same course of conduct. The statute reads as follows:

> When the same conduct of a defendant may establish the commission of more than one offense, the defendant may be prosecuted for each such offense. He may not, however, be convicted of more than one offense if:

(a) one offense is included in the other as defined in § 105.58 of the Criminal Procedure Code;

(b) one offense consists only of a conspiracy or other form of preparation to commit the other,

(c) inconsistent findings of fact are required to establish the commission of the offenses;

(d) the offenses differ only in that one is defined to prohibit a designated kind of conduct generally and the other to prohibit a specific instance of such conduct; or

**(e) the offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods of such conduct constitute separate offenses.**

9 GCA 1.22(e) (emphasis added).

When interpreting the meaning of a statute, a "court must look first to the language of the statute itself." *Sumitomo Constr. Co. v. Gov't of Guam*, 2001 Guam 23 ¶ 17. "In looking at the statute's language, the court's task is to determine whether or not the statutory language is plain and unambiguous." *Aguon v. Gutierrez*, 2002 Guam 14 ¶ 6 (internal quotation marks omitted) (quoting *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997)). This 'plain meaning rule' has been applied to the sentencing laws in Guam by the Guam Supreme Court in *People v. Angoco*: "[t]he plain meaning rule for statutory interpretation provides that 'if the language of a statute is clear and there is no ambiguity, then there is no need to 'interpret' the language by resorting to legislative history or other extrinsic aids.'" *People v. Angoco*, 1998 Guam 10 ¶ 5 (quoting *Church of Scientology v. US Dept. of Justice*, 612 F.2d 417, 421 (9th Cir. 1979).

The Defendant was convicted of Second Degree Robbery (As a Second Degree Felony) and Burglary (As a Second Degree Felony). The Court looks toward the language of the statutes concerning robbery and burglary. The statute defines "second degree robbery" as follows:

(a) A person is guilty of robbery in the second degree if, in the course of committing a theft, he:

**(1) inflicts serious bodily injury upon another;** or

(2) threatens another with or intentionally puts him in fear of immediate serious bodily injury; or

(3) is armed with or displays what appears to be explosives or a deadly weapon. "Deadly Weapon" has the meaning provided by § 16.10.

9 GCA § 40.20 (emphasis added). The statute defines "burglary" as follows:

(a) A person is guilty of burglary if **he enters or surreptitiously remains in any habitable property, building, or a separately secured or occupied portion thereof**, or if he enters or surreptitiously remains in any School as defined in § 37.10(e) of this Chapter, **with intent to commit a crime therein,** unless the premises are at the time open to the public or the defendant is licensed or privileged to enter. . .

9 GCA 37.20(a) (emphasis added).

The Court disagrees that robbery and burglary, as defined by statute, constitute a continuing course of conduct. Rather, these two offenses are *separate offenses* because the proof of the elements of robbery do not merge with the proof of the elements of burglary. *See People v. Aldan*, 2022 Guam 4 ¶ 30 ("A defendant may be prosecuted for conduct that constitutes more than one offense, but he may not be convicted of more that one offense if one offense is included in another"); *see also United States v. Cedar*, 437 F.2d 1033, 1036 ("[O]ffenses merge only when proof of the elements of one necessarily establishes all of the elements of the lesser or included offense . . . .").

Under 9 GCA § 40.20, a defendant commits robbery "if, in the course of committing theft, he *inflicts serious bodily harm*." (emphasis added). In contrast, under 9 GCA § 37.20(a), a defendant commits burglary "if he *enters or surreptitiously remains* in any habitable property...with the *intent to commit a crime therein*." (emphasis added). Robbery requires the *infliction of bodily harm*, whereas burglary requires the *entering or remaining in any habitable property* with the *intent* to commit a crime within the property. Based on this rationale, robbery

and burglary cannot merge because the elements of robbery are not necessary to establish the elements of burglary.

Turning to the incident in question, the elements of burglary were satisfied when the Defendant *forced* his way into the premises with the *intent* to commit a crime. The elements of robbery were satisfied when the Defendant inflicted serious bodily harm to the victim in the course of taking the victim's belongings from the home. The fact that the Defendant inflicted serious bodily harm is not a *required* element of the offense of burglary and neither is the Defendant's forcible entry into the home a *required* element of the offense of robbery. Therefore, the offenses contained in Defendant's conviction do not constitute a continuing course of conduct but of separate offense, and the offenses of robbery and burglary do not merge.

## CONCLUSION

As this Court finds that the sentence imposed pursuant to Defendant's sentencing was legal and permissible within statutory mandates, **IT IS HEREBY ORDERED** that Defendant's Motion to Correct Illegal Sentence is **DENIED.**

SO ORDERED this JUL 03 2024 _____.

**HONORABLE MARIA T. CENZON**
Judge, Superior Court of Guam